# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYAN WALCHEFF, POLYA TSVETANO WALCHEFF,<br><br>            Plaintiffs,<br><br>    vs.<br><br>JANET NAPOLITANO, PAUL PIERRE, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SECRETARY OF STATE HILLARY RODHAM CLINTON,<br><br>            Defendants. | CASE NO. 09-CV-1440 JLS (WMc)<br><br>**ORDER: DISMISSING CASE AS MOOT** |

On June 24, 2010, Defendants filed a notice of changed circumstance informing the Court that United States Citizenship and Immigration Services "reaffirmed the approval of the Petition for Alien Relative (I-130 visa petition) filed by Plaintiff Boyan Walcheff on behalf of Plaintiff Polya Walcheff." (Doc. No. 21 at 1.)  The Government also provided a declaration as evidence of this approval. (Villasenor Decl.)  Having received this evidence, the Court must **DISMISS** this matter **WITHOUT PREJUDICE** as moot.

Article III, section 2, clause 1 of the United States Constitution limits the "judicial Power" to "cases or controversies." *See Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir.1999). This provision requires a live "actual controversy . . . at all stages of review." *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (quoting *Arizonans for Official English v.*

1 *Arizona*, 520 U.S. 43, 67 (1997)).

2 When that "actual controversy" goes away during the course of the litigation, the case is
3 referred to as "moot." *See Cook Inlet Treaty Tribes*, 166 F.3d at 989 ("Mootness can be characterized
4 as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the
5 commencement of the litigation (standing) must continue throughout its existence (mootness)."
6 (internal quotation marks and citation omitted)). In other words, "[a] claim is moot if it has lost its
7 character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118,
8 1123 (9th Cir. 1997); *see also Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir.
9 1978) ("Where the activities sought to be enjoined have already occurred, and the [court] cannot undo
10 what has already been done, the action is moot."). Federal courts lack jurisdiction to consider moot
11 claims. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

12 In the context of a claim against a federal administrative agency, once the action sought in the
13 suit has been taken the claim is moot because a federal court "lacks the ability to grant effective
14 relief." *See Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). That is the case here.
15 Plaintiffs ask this Court to: (1) "Require Defendants to adjudicate Plaintiffs' Petition for Alien
16 Relative (I-130)" and (2) "Require Defendants to reverse their adverse and unjust decision denying
17 Plaintiffs (sic) petition for alien relative as a direct result of the delay in adjudicating his petition."
18 (Doc. No. 3 at 8.) Since USCIS has now reaffirmed Plaintiff Boyan Walcheff's I-130, there is no
19 longer any relief left to grant and this case is therefore outside of the constitutional limits which bind
20 the Court.

21 At oral argument, Plaintiffs asked this Court to nonetheless retain jurisdiction over this matter
22 in order to (1) direct the State Department to act promptly on the reaffirmed I-130 petition and (2)
23 order USCIS to allow Plaintiff Polya Walcheff to enter and live in the United States pending the
24 approval of her visa application. The Court, however, cannot do so. Plaintiffs requested neither form
25 of relief in framing their complaint. Morever, even were such a request made, there is no legal or
26 factual basis which would allow the Court to act in the manner requested.

27 //
28 //

1  Therefore, for the reasons stated, this matter is **DISMISSED WITHOUT PREJUDICE AS**
2  **MOOT**.  The Clerk shall close the file.
3  IT IS SO ORDERED.

5  DATED: July 12, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge